UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK REGINALD WALL,<br><br>                 Petitioner,<br><br>v.<br><br>KOOTENAI COUNTY, LAWRENCE WASDEN, Idaho Attorney General,<br><br>                 Respondents. | Case No. 2:10-CV-0051-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondents' Motion for Summary Dismissal.[1] (Dkt. 16.) The parties have consented to a United States Magistrate Judge entering all orders, including final judgment, in accordance with 28 U.S.C. § 636(c). (Dkt. 12.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will grant Respondents' Motion, and this case will be dismissed.

---

[1] Petitioner has filed a "Motion to Strike Respondents' Motion for Summary Dismissal with Prejudice, and Supporting Brief and Conclusion" (Dkt. 20), which the Court construes as his response to Respondents' Motion. Petitioner's Motion for Extension of Time (Dkt. 18) to file a response will therefore be granted, and the response is deemed timely.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

This case began with an ongoing dispute between Petitioner and his neighbors in Kootenai County about excessive noise coming from his dog kennel. The County revoked Petitioner's kennel license, which meant that he could no longer keep more than five dogs on his property, but he continued to house and maintain nineteen dogs. Eventually, Petitioner was charged with a misdemeanor of operating a kennel without a license, pursuant to a Kootenai County ordinance. (State's Lodging B-6, p. 1.)

Petitioner represented himself at a bench trial in state magistrate court. (State's Lodging A-2.) The magistrate judge found Petitioner guilty and sentenced him to six months in jail, with a $1,000 fine, but the judge suspended ninety days of jail time and $500 of the fine, and placed him on unsupervised probation for two years. (*Id*. at 97.) The judge further ordered that if Petitioner came into compliance with the county ordinance within thirty days by removing fourteen dogs from his property, the remaining jail term would also be suspended. (*Id*. at 98.) Petitioner appealed to the district court, however, and the sentence was automatically stayed. (*Id*.)

The district court judge allowed Petitioner to argue his case and then affirmed the magistrate judge. In doing so, the district judge noted:

> The appeal from Judge Marano's decision isn't an appeal from the Board of County Commissioners or any decision that they might have taken.
>
> * * *
>
> I've really tried my best to find what the issues are that I could rule on if I had sufficient argument. Entrapment, that was never raised before the Magistrate.

> You mentioned that today in your oral argument. I didn't see it mentioned in your brief, but it wasn't raised before the Magistrate. A lack of *Miranda* rights isn't pertinent to this issue. A lot of complaints about how the county deputies, commissioners, prosecutors handled things. This is not — this isn't a civil case. If you want to file a tort claim, you can, but I can't deal with 99 percent of what you've alleged here.

(State's Lodging A-3, pp. 36-37.)

Petitioner next proceeded to the Idaho appellate courts, and the Idaho Court of Appeals affirmed the district court. The Idaho Court of Appeals noted that Petitioner "appears to be asking this Court to grant him injunctive and monetary relief from the judgment entered upon his conviction for operating a dog kennel without a license," and it agreed with the district court that Petitioner's requested relief was not appropriate in a criminal case. (State's Lodging B-6, pp. 2-3.) The two issues that may have arguably been relevant to a criminal matter—a vague claim of entrapment and a claim that Petitioner's kennel was "grandfathered" under an earlier ordinance—were dismissed on procedural grounds because one was not raised below (entrapment) and the other was not supported by argument or authority (grandfathering). (*Id*.) The Idaho Supreme Court declined to review the case. (State's Lodging B-9.)

On February 1, 2010, Petitioner initiated this matter by filing a Petition for Writ of Habeas Corpus. (Dkt. 1, pp. 1-15.) In his Petition, Petitioner has again raised a wide assortment of complaints against state and county officials, which this Court has liberally construed as follows:

> (1) misconduct by law enforcement officials by "taking evidence without a subpoena, and criminal trespassing for same after being given notification

**MEMORANDUM DECISION AND ORDER - 3**

according to state statutes with visible signs, etc., stating 'No Trespassing' and bright orange markings" (construed as a claim arising under the Fourth Amendment); (2) the denial by State officials of "[Petitioner's] Constitutional Rights by generally 'taking sides' on the issue of barking dogs" and "refusing to enforce laws broken by neighbors" (construed as a due process claim arising under the Fourteenth Amendment); (3) prosecutorial misconduct by "causing" Petitioner to waive his right to a jury trial, interfering with his testimony and witnesses, and having a "get [Petitioner]" attitude (construed as Sixth Amendment right to a fair trial claim and a due process claim arising under the Fourteenth Amendment); and (4) errors by the trial judge in (a) admitting inadmissible evidence, (b) threatening Petitioner for failing to answer a question, (c) allowing "the prosecuting attorney to be (definitely) out of order," and (d) failing to conduct a site visit.

(Dkt. 5, p. 2.) The Court also advised Petitioner that his claims might be subject to dismissal on grounds not readily apparent at that time. (*Id.* at 3.)

Respondents have filed a Motion for Summary Dismissal. Respondents contend that all of the claims in the Petition should be dismissed because Petitioner did not properly exhaust his state court remedies by raising the same claims in the state courts, and the time to do so has passed. (Dkt. 16, pp. 1-2.) Petitioner has submitted his response, and the Court is now prepared to issue its ruling.

## STANDARD OF LAW

Federal habeas relief extends to a person in custody under a state court judgment who is being held in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

A habeas petitioner must first exhaust his remedies in the state courts before a

federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim, and general references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient). Instead, the petitioner must ordinarily cite the constitutional provision that supports his claim, federal cases that apply the constitutional rule, or state court cases that clearly analyze the federal claim. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is considered to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is

**MEMORANDUM DECISION AND ORDER - 5**

independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish "cause" for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

## DISCUSSION

Petitioner's state court appellate briefing is comprised largely of factual assertions regarding his long-running dispute with his neighbors and the alleged deficiencies in the Kootenai County proceedings that resulted in the revocation of his kennel license. (State's Lodging B-1, pp. 1-13; State's Lodging B-3, pp. 1-8.) As a result, the Idaho Court of Appeals struggled to make out a claim that could be raised in a criminal appellate matter, noting that civil claims seeking monetary or injunctive relief were not proper and would not allow the court to reverse his conviction. (State's Lodging B-6, pp. 1-3.)

While it is clear to this Court that Petitioner believes that the process that led to the revocation of his license and to his criminal conviction for operating a kennel without a license was generally unfair, the Court has carefully reviewed his written arguments to the Idaho Court of Appeals and the Idaho Supreme Court and is unable to find a *clearly expressed* federal constitutional claim. His passing references to "the Constitution," "federal law," due process, and equal protection, without fuller explanation or context, are not sufficient to present a federal claim squarely to the state courts. Although Petitioner was acting as his own attorney and is not held to the same pleading standards, he still

**MEMORANDUM DECISION AND ORDER - 6**

bears the responsibility for articulating and arguing his claims clearly enough so that the state courts can understand them and reach the merits. Here, the state courts simply did not have a fair "opportunity to pass upon and correct" alleged violations of federal law, *see Duncan*, 513 U.S. at 365, and the time for Petitioner raise those issues has now passed. Therefore, to the extent that the Petition, liberally construed, contains claims of constitutional error, the Court concludes that Petitioner did not properly exhaust the claims in the state courts, and they are procedurally defaulted.[2]

Petitioner has not shown that some external factor impeded his ability to raise federal claims at the correct time and in the correct manner; that is, he has not offered a valid "cause" that would potentially excuse his default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (defining "cause" as "some objective factor external to the defense impeded [the defendant's] or his counsel's efforts to comply with the state procedural rule at issue."). The Court has independently reviewed the record an found none.

Accordingly, Respondents' Motion for Summary Dismissal will be granted.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court on its own initiative has evaluated this case for suitability of a certificate of appealability ("COA").

---

[2] In his reply brief in the Idaho Court of Appeals, Petitioner did argue that an unspecified search was conducted without probable cause or a warrant, but he relied entirely on state law instead of the Fourth Amendment. (State's Lodging B-3, p. 2.)
Even if he had properly exhausted a Fourth Amendment claim, this Court would be unable to grant relief. *See Stone v. Powell*, 428 U.S. 465, 482 (1976) (holding that habeas relief is unavailable for claimed Fourth Amendment violations as long as the petitioner had a full and fair opportunity to litigate the claims in the state courts.)

**MEMORANDUM DECISION AND ORDER - 7**

*See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner's claims are procedurally defaulted. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

**ORDER**

IT IS ORDERED:

1. Petitioner's Motion for Extension of Time Required to File Response and Responsive Motion and Support Brief (Dkt. 18) is GRANTED. Petitioner's subsequent response is deemed timely filed, and the Court has considered the arguments he has raised.

2. Petitioner's Motion to Strike Respondent's Motion for Summary Dismissal With Prejudice, and Supporting Brief and Conclusion (Dkt. 20) is DENIED

insofar as Petitioner is seeking an order striking or denying Respondents' Motion.

3. Respondents' Motion for Summary Dismissal (Dkt. 16) is GRANTED for the reasons given herein.

4. The Petition for Writ of Habeas Corpus is DISMISSED.

5. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: March 1, 2011

Honorable Mikel H. Williams
United States Magistrate Judge